UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-527-CRS

LA BAMBA LICENSING, LLC,                                                    Plaintiff,

v.

LA BAMBA AUTHENTIC MEXICAN CUISINE, INC.,                    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for extension of time (DN 18) filed by Defendant La Bamba Authentic Mexican Cuisine, Inc. ("Defendant"). Plaintiff La Bamba Licensing, LLC ("Plaintiff") filed a response (DN 19). For the reasons set forth below, the motion for extension is **granted**.

### BACKGROUND

In the motion for extension, filed on January 11, 2017, Defendant requests that the Court grant it an extension of time until January 13, 2017 to tender its responses[1] to written discovery requests propounded by Plaintiff. Defendant asserts that Plaintiff's counsel previously agreed to an extension of time for defense counsel to complete discovery responses. Defendant states that "[d]ue to a miscommunication," its counsel believed that the agreed extended deadline was January 19, 2017, but that Plaintiff's counsel has stated that "the remaining discovery must be filed with the Court by close of business on January 11, 2017." (DN 18 at 1.) Defendant avers that its counsel "has relied upon" an associate attorney, Dustin Warren, to prepare and submit the discovery responses, but that Warren "is unavailable to prepare and submit the discovery

---

[1] At several points in the motion for extension, Defendant refers to preparation of discovery *requests*, whereas in the opening and closing paragraphs of the motion, it seeks relief as to the deadline for serving *responses* to Plaintiff's discovery requests. The Court construes the use of the word "requests" as erroneous and addresses the motion as being related to discovery responses.

[responses] as his wife is eight months pregnant and is currently seeking medical treatment for pregnancy complications." (*Id.* at 1-2.)

Counsel states that due to previously scheduled court appearances, he would be unable to complete the responses before January 13, 2017. On January 13, 2017, Defendant filed the following: (i) responses to requests for admission (DN 20); (ii) responses to requests for production of documents (DN 22); and (iii) answers to interrogatories (DN 23).[2]

Plaintiff filed its response (DN 19) on January 12, 2017, one day after Defendant filed its motion for extension and one day before Defendant filed the discovery responses. Plaintiff argues that the motion for extension should be denied because the deadline for Defendant to respond to the discovery requests has passed and Defendant has not demonstrated excusable neglect to justify an extension. Plaintiff further argues that any objections that Defendant asserted in relation to Plaintiff's interrogatories should be waived and Plaintiff's requests for admission should be deemed admitted. Plaintiff has filed an affidavit of counsel (DN 19-1) that is consistent with its response. Plaintiff's counsel avers that he served on Defendant a set of written discovery requests -- interrogatories, requests for production, and requests for admission -- on November 16, 2016. (*Id.* at ¶4.) Counsel asserts that pursuant to the Federal Rules of Civil Procedure, Defendant was required to serve responses no later than December 19, 2016. Counsel states that on that December 16, 2016, defense counsel contacted Plaintiff's counsel to request a twenty-day extension of the deadline for service of initial disclosures, which at that time was December 17, 2016. (*Id.* at ¶¶5-6.) Counsel states that he agreed to the extension as to

---

[2] The Court notes that on January 31, 2017, Plaintiff filed a motion to compel (DN 24), arguing that the responses served by Defendant are deficient in a number of respects. The Court will resolve the motion to compel by separate order.

initial disclosures, creating a new deadline of January 6, 2017.[3]  (*Id.* at ¶7.)  Finally, counsel states that defense counsel never requested an extension of the deadline for responding to the discovery requests, and therefore, the December 19, 2016 deadline remained in effect.  (*Id.* at ¶8.)

## DISCUSSION

A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  Similarly, a party responding to a request for production must respond in writing within thirty days.  Fed. R. Civ. P. 34(b)(2)(A).  Likewise, a party responding to a request for admission must respond within thirty days.  Fed. R. Civ. P. 36(a)(3).

For interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  An answer to an interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  For requests for production, failure to timely object results in a waiver of the objection.  *See Duracore Pty. Ltd. v. Applied Concrete Tech., Inc.*, 2015 WL 4750936 *6 (W.D. Ky. Aug. 11, 2015).  For requests for admission, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).

Additionally, Plaintiff contends that the "excusable neglect" standard should apply in this instance due to Defendant's failure to request an extension until after the deadline had passed for it to serve discovery responses.  The record does not contain a copy of the discovery requests as served on Defendant, and the motion for extension does not indicate the original date by which it

---

[3] Defendant filed its initial disclosures on January 6, 2017 (DN 17).

believes it was required to respond to the discovery requests. Plaintiff asserts that that date was December 19, 2016. Defendant did not file a reply or otherwise dispute that deadline. The Court finds, therefore, that Plaintiff served its discovery responses on November 16, 2016, and that absent an extension of time, Defendant's responses were required to be served no later than December 19, 2016. Rule 6(b) of the Federal Rules of Civil Procedure provides as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It is within the Court's discretion to determine whether a party failed to act because of excusable neglect. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citation omitted).

The Sixth Circuit has set forth five factors to be balanced by the district court in making a determination as to excusable neglect pursuant to Rule 6(b)(1)(B). The five factors are as follows: "(i) the danger of prejudice to the nonmoving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the moving party; and (v) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In applying the five-factor balancing test, the district court is required to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 523 (quoting *Pioneer*, 507 U.S. at 395).

The Court will now apply the five-factor balancing test set forth by the Sixth Circuit. First, the Court concludes that there is little, if any, danger of prejudice to Plaintiff if the Court grants Defendant's motion for extension. Critically, Defendant filed its responses to all of

Plaintiff's written discovery requests on January 13, 2017, the date of its proposed extended deadline, and just two days after filing the motion for extension, and one day after Plaintiff filed its response. While the January 13, 2017 filing date was nearly one month after the original deadline for Defendant to respond to the discovery requests, it is clear that Defendant moved swiftly to correct the delay after becoming aware of its error. Moreover, while Plaintiff's response and supporting affidavit contain detailed accounts of the dates relevant to this dispute, they are devoid of information showing that Plaintiff would be prejudiced by the specific extension requested by Defendant. Accordingly, the first excusable neglect factor weighs in favor of granting the motion for extension.

Second, if the Court is to grant the motion for extension, the length of delay to completing discovery is virtually nonexistent. Pursuant to the operative scheduling order, the deadline for completion of non-expert discovery and discovery related to liability issues shall be completed no later than June 17, 2017, and expert discovery and discovery related to damages shall be completed no later than January 17, 2018. (DN 16 at 2.) It strains credulity to think that the less than one-month delay in serving discovery responses in December 2016 and January 2017 would have a significant impact, if any, on the judicial proceedings. In any event, Plaintiff is free to seek an amendment to the scheduling order if it believes an amendment is necessary at a later date. Accordingly, the second excusable neglect factor weighs in favor of granting the motion for extension.

The third factor, the reason for the delay, and the fourth factor, whether the delay was in the reasonable control of the moving parties, are intertwined in this case. Defendant offered two reasons to support its request for an extension: (i) a misunderstanding regarding the extension that Plaintiff previously agreed to; and (ii) Warren, the associate attorney, having been

unavailable to prepare the discovery responses due to his wife's pregnancy complications. The Court credits defense counsel's representations on these two issues and finds that while the circumstances surrounding the delay were related to Defendant's attorneys' efforts, there is no evidence of malicious conduct on their part. Defendant finds itself in the position of requesting an extension due to a mistake in recording a deadline, a misunderstanding of opposing counsel's agreement as to an extension of time, and a personal medical situation. This is hardly indicative of untoward action. Accordingly, the Court finds that the third and fourth factors weigh in favor of granting the motion for extension.

The fifth and final inquiry is whether the moving party acted in good faith. The Court credits Defendant's account of the events leading to the filing of the motion for extension. The Court concludes that, while Defendant could have acted with greater diligence in seeking to clarify the deadline applicable to its discovery responses, there is no evidence of bad faith under the circumstances. Accordingly, the Court finds that the final factor weighs in favor of granting the motion for extension.

Finally, having found that the delay in requesting an extension of time until after the deadline for serving discovery responses had passed amounted to excusable neglect, the Court declines Plaintiff's request to deem Defendant's objections to the discovery requests to be waived or to deem the requests for admission to be admitted.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendant's motion for extension of time (DN 18) is **GRANTED**. Defendant's discovery responses (DN 20, 22, 23) are deemed TIMELY SERVED.

(2) The Court will decide Plaintiff's motion to compel (DN 24) by separate order. The response and reply, if any, shall be filed in compliance with the Local Rules. Prior to filing *any other* discovery-related motion, the parties shall (i) comply with LR 37.1's requirement that counsel confer or attempt to confer in an effort to resolve their dispute; AND (ii) request and participate in a telephonic conference with the Magistrate Judge in order to discuss the discovery dispute. Counsel may request such a conference by contacting Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov or (502) 625-3546.

cc: Counsel of record