# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-527-CRS-CHL

LA BAMBA LICENSING, LLC,                                    Plaintiff,

v.

LA BAMBA AUTHENTIC MEXICAN CUISINE, INC.,                   Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Compel Discovery Responses ("Motion to Compel") (DN 24) filed by plaintiff La Bamba Licensing, LLC ("plaintiff") on January 31, 2017. On April 27, 2017, defendant La Bamba Authentic Mexican Cuisine, Inc. ("defendant") filed a response. On May 11, 2017, defendant filed a reply. Therefore, this matter is ripe for review.

**I.     BACKGROUND**

On November 16, 2016, plaintiff served various discovery requests on defendant. (*See* DN 24-2 [Interrogatories]; DN 24-3 [Requests for Production]; DN 24-4 [Requests for Admissions] [collectively, "discovery requests"].) According to plaintiff, the deadline for responding to these discovery requests was December 19, 2016. (DN 24 at 2.) Defendant did not respond on or before December 19, 2016. Instead, on January 11, 2017, defendant filed a Motion for Extension of Time (DN 18), requesting until January 13, 2017 to respond to the discovery requests served by plaintiff. (*Id*. at 1.) Defendant filed its discovery responses on January 13, 2017. (*See* DNs 20, 22, 23.) On February 3, 2017, the Motion for Extension of

Time was granted (*see* DN 25 [memorandum opinion and order]), and the Court deemed the discovery responses timely filed.[1]

On January 16, 2017, counsel for plaintiff sent a letter (DN 24-5) to counsel for defendant, pointing out deficiencies in defendant's discovery responses. On January 20, 2017, counsel for defendant responded. (DN 24-6 [letter from defendant's counsel].) In response, counsel for defendant further expounded on some of defendant's discovery responses and also stated that supplements would be forthcoming.

On January 31, 2017, plaintiff filed the instant Motion to Compel. Pursuant to Local Rule 7.1, defendant's response was due on or before February 21, 2017. Defendant filed a response (DN 26) to the Motion to Compel on March 10, 2017, over three weeks late. On May 11, 2017, plaintiff filed a reply (DN 30) to the Motion to Compel.

## II. DISCUSSION

The Court will first address the untimely response to the Motion to Compel filed by defendant and then the specific discovery requests at issue.

### A. The Untimely Response Filed by Defendant

It is undisputed that defendant filed its response to the Motion to Compel *over three weeks late without providing any reason for doing so*. Defendant did not file a motion for extension of time either. Plaintiff requests that the Court not consider the untimely response by defendant.

Accordingly to Local Rule 7.1(c), "failure to timely respond to a motion may be grounds for granting the motion." Joint Ky. Loc. Civ. Prac. R. 7.1. While the Court has considered

---

[1] Because defendant's discovery responses were deemed timely, the Court will not address the parties' arguments regarding this issue.

granting the Motion to Compel in full and ordering defendant to comply as requested by plaintiff, it has determined that considering the untimely filed response will ultimately benefit plaintiff, as it permits the Court to, where appropriate, direct defendant as to the specific responses that should be supplemented and why. Consequently, the Court will consider the untimely filed response by defendant. The Court will not, however, tolerate any casual treatment of the Federal Rules of Civil Procedure or Local Rules in the future.

B. **Specific Discovery Requests**

In the Motion to Compel and reply, plaintiff requests that the Court compel defendant to provide full and complete responses to the discovery requests. The Court will address each discovery request below.

1. **Request for Admission ("RFA") No. 3**

**RFA No. 3: Admit that the trademark LA BAMBA AUTHENTIC MEXICAN CUISINE contains the entirety of the LA BAMBA mark.**

**Response*:* Deny.**

Defendant states that its response is based on the fact that plaintiff has stated that the LA BAMBA mark is a combination of four different trademarks; defendant also refers the Court to paragraphs fourteen through twenty-two of the complaint (DN 1). (DN 28 at 3.)

Plaintiff argues that (1) defendant's argument is bizarre, as the LA BAMBA mark consists of the words, "LA BAMBA," not the combination of any other trademarks or elements; and (2) defendant cannot logically deny that the LA BAMBA mark is contained within "LA BAMBA AUTHENTIC MEXICAN CUISINE." (DN 30 at 2-3.) Plaintiff asks the Court to compel defendant to admit RFA No. 3.

Rule 36(a)(4) of the Federal Rules of Civil Procedure, which addresses RFAs, states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

While the Court will not compel defendant to admit RFA No. 3 in full, it agrees that defendant's denial did not fairly respond to the substance of the matter, nor does defendant's explanation make sense. A review of the complaint does not show that the LA BAMBA mark is a combination of other marks. Moreover, defendant should, at a minimum, admit this request or describe in more detail why it cannot truthfully admit it.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant give a logical, detailed response to RFA No. 3.

### 2. RFA Nos. 5, 6, 7, 8, 9, 10, 11, and 12

**RFA No. 5: Admit that Plaintiff's U.S. Trademark Registration No. 2,141,892 is valid.**

**RFA No. 6: Admit that Plaintiff's U.S. Trademark Registration No. 3,598,169 is valid.**

**RFA No. 7: Admit that Plaintiff's U.S. Trademark Registration No. 3,598,167 is valid.**

**RFA No. 8: Admit that Plaintiff's U.S. Trademark Registration No. 3,527,867 is valid.**

**RFA No. 9: Admit that Plaintiff's U.S. Trademark Registration No. 2,141,892 is incontestable within the meaning of 15 U.S.C. § 1065.**

**RFA No. 10: Admit that Plaintiff's U.S. Trademark Registration No. 3,598,169 is incontestable within the meaning of 15 U.S.C. § 1065.**

**RFA No. 11: Admit that Plaintiff's U.S. Trademark Registration No. 3,598,167 is incontestable within the meaning of 15 U.S.C. § 1065.**

**RFA No. 12: Admit that Plaintiff's U.S. Trademark Registration No. 3,527,867 is incontestable within the meaning of 15 U.S.C. § 1065.**

**Response to each RFA: Defendant is without sufficient knowledge to admit nor deny and therefore denies.**

Plaintiff argues that defendant should be able to admit these easily confirmable facts. (DN 24 at 5.) Therefore, plaintiff requests that defendant be compelled to provide full and accurate response to these requests. (DN 30 at 3.)

Defendant states that it performed research and "called the patent office," and that "neither method could validate any of the listed Trademarks [sic] validity." (DN 28 at 3.)

The Court agrees that defendant's response is insufficient. Rule 36(a)(4) states that an answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party has made reasonable inquiry. Defendant should, at a minimum, be able to explain in more detail why it is without sufficient knowledge or information to respond to this request.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant supplement its responses and, if applicable, explain in more detail why it is without sufficient knowledge or information to respond to RFA Nos. 5, 6, 7, 8, 9, 10, 11, and 12.

### 3. RFA No. 18

**RFA No. 18: Admit that Defendant did not conduct any trademark searching with the United States Patent and Trademark Office regarding the availability of the name LA BAMBA AUTHENTIC MEXICAN CUISINE before it adopted that name for Defendant's Restaurant.**

**Response to RFA No. 18: Deny.**

Defendant states that it entrusted its "CPA to work with the Kentucky Secretary of State's office regarding the incorporation of its business in accordance with Kentucky law." (DN 28 at 3.) Defendant further states that it cannot locate any of plaintiff's listed trademarks with the United States Patent and Trademark Office.

Plaintiff argues that defendant must be compelled to admit RFA No. 18 because the facts clearly demonstrate that no search with the United States Patent and Trademark Office was conducted. (DN 30 at 4.)

The Court agrees that defendant's explanation for the denial is evasive and insufficient. Furthermore, any actions taken with respect to the Kentucky Secretary of State do not appear to be relevant as a response to this particular request.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant respond to RFA No. 18 with more specificity and without reference to what actions were taken with the Kentucky Secretary of State or otherwise with respect to incorporation of defendant's business, unless otherwise relevant to any trademark searching done by or on behalf of defendant.

### 4. RFA No. 27

**RFA No. 27: Admit that Defendant is not aware of any other restaurant, aside from Defendant's Restaurant and Plaintiff's Restaurants, that operate in Kentucky and use the LA BAMBA mark.**

**Response to RFA No. 27: Defendant is without sufficient knowledge to admit nor deny and therefore denies.**

Defendant states its answer was based on the fact that it "has been to another La Bamba location within the State of Kentucky. However, after checking with the Secretary of State, this business was not listed as active. Due to this confusion, defendant answered the question without sufficient knowledge to admit or deny." (DN 28 at 4.)

Plaintiff argues that defendant cannot claim a lack of knowledge about its own awareness and should be compelled to provide a truthful response to this request and not claim lack of knowledge. (DN 30 at 4.)

The Court finds that defendant should have included, in its answer to RFA No. 27, the explanation given in the response to the Motion to Compel. *See* Fed. R. Civ. P. 34(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Additionally, plaintiff is not requesting defendant admit whether another restaurant that uses the LA BAMBA mark exists but whether defendant is *aware* of one located in Kentucky. The Court further finds that defendant should also address in its answer to RFA No. 27 the part of the request regarding the LA BAMBA mark.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant respond to RFA No. 27 with more specificity as indicated and to address the part of the request regarding the LA BAMBA mark.

### 5. Interrogatory Nos. 8, 9, 10, and 11

**Interrogatory No. 8: Identify the gross revenue and gross and net profit, by month and year, for Defendant's Restaurant since it began doing business, and specify how such revenue and profit were calculated, as well as all documents that support Defendant's calculation of revenue and profit.**

**Interrogatory No. 9: Identify the approximate annual dollar amount expended each month to date by Defendant in advertising and promoting Defendant's Restaurant, as well as all documents that support Defendant's calculation of such amount.**

**Interrogatory No. 10: Identify the factual basis and any supporting documents for each of the affirmative defenses in Defendant's Answer, including (a) Defendant's claim that Plaintiff lacks standing to bring the claims asserted in the Complaint; (b) Defendant's claim of fair use; (c) Defendant's claim that Plaintiff has waived some or all of its claims; (d) Defendant's claim that Plaintiff is estopped from asserting some or all of its claims; and (e) Defendant's claim that Plaintiff's claims are barred by its actions.**

**Interrogatory No. 11: To the extent Defendant contends that the LA BAMBA trademark or the registrations for the LA BAMBA trademark are weak, invalid or unenforceable, specify the complete factual basis for such contentions and identify all documents supporting such contentions.**

**Response to Each Interrogatory: Will Supplement.**

Defendant asserts, among other things, that it is in the process of filing its first full year's tax return and that "it has had to learn the hard way the complexities of running a business . . . ." (DN 28 at 5.) Defendant further asserts that the responsive documentation is disorganized and has "zero calculations." (*Id*. at 5.) Finally, defendant also states that it would "suffer immediate harm if the documents were produced due to their necessity in filing the Defendant's tax return." (*Id*.) With respect to Interrogatory Nos. 10 and 11, defendant states that they cannot be adequately answered until plaintiff answers defendant's discovery requests. (*Id*. at 6.)

Plaintiff argues that that the Federal Rules of Civil Procedure allow defendant to produce copies of documents and therefore compliance with discovery obligations will have no effect on defendant's ability to file taxes. (DN 30 at 5.) Plaintiff also asserts that it provided defendant with responses to its discovery requests on March 23, 2017. Thus, plaintiff asks the Court to compel defendant to immediately provide answers to these requests.

The Court finds that the fact that the documents required to answer these interrogatories are necessary for filing defendant's tax returns is not a viable excuse and that providing copies to plaintiff would not place an undue hardship on defendant. Additionally, plaintiff states that it has responded to defendant's discovery requests. Consequently, defendant has not provided any legitimate reason as to why these answers need to be supplemented at a later date.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant respond to Interrogatory Nos. 8, 9, 10, and 11.

6. **Request for Production ("RFP") No. 1**

**RFP No. 1: All documents and things referred to in Defendant's Initial Disclosures.**

**Response to RFP No. 1: Request is reptetitive (sic), overbroad, and lacks specificity, therefore Defendant cannot adequately respond to said request. Will Supplement when clarified.**

Defendant asserts that this request is not specific on its face and seeks documents that are already going to be covered under other provisions of plaintiff's discovery requests and is therefore overbroad and repetitive. (DN 28 at 6.) Defendant also asserts that, as previously stated, it needs the documents to file its taxes and that even providing a copy at this time would provide undue and unnecessary hardship. (*Id*. at 6.) Defendant avers that plaintiff "merely needs

9

to be patient and Defendant will provide all necessary discovery if Plaintiff can be trustworthy, act in good faith, and otherwise have a conscious." (*Id.*)

Plaintiff argues that defendant's initial disclosures identified three categories of documents and other tangible things in its possession:

> 1. Copies of documents regarding goods and services offered by Defendant that are alleged to be infringing upon said LA BAMBA mark.
>
> 2. Copies of documents demonstrating Defendant's efforts to investigate any alleged unfair competition and lost profits to Plaintiff.
>
> 3. Copies of documents related to the financial information of the Defendant including but not limited to the Defendant's profits and expenses.

(DN 17 at 3 [defendant's initial disclosures]; DN 30 at 6.) Therefore, plaintiff avers that it is merely asking defendant to produce the documents that defendant has already identified. Plaintiff also avers that defendant's argument that it needs the documents to prepare taxes is illogical because the deadline for filing taxes has passed and, even beyond that, defendant need only produce copies of those documents. (DN 30 at 6-7.) Plaintiff requests that defendant be compelled to (1) revise or supplement its written response to this request; and (2) either make any responsive documents available for inspection at the office of plaintiff's counsel or provide plaintiff with copies of any responsive documents.

While plaintiff could have been more specific in its request – for example, it could have requested particular categories of documents that defendant identified in its initial disclosures – the Court finds that defendant should provide the documents that *defendant described* in its

initial disclosures. The Court has already rejected defendant's argument regarding the need for the documents to file tax returns.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant supplement its response to RFP No. 1 and produce or make available for inspection responsive documents.

7. RFP Nos. 2 and 3

**RFP No. 2: All documents and things that show Defendant's legal status, the date of incorporation, the date Defendant began doing business, and the officers and owners of Defendant.**

**Response to RFP No. 2: Available via the Kentucky Secretary of State's Online Portal at http://sos.ky.gov which is open to the general public.**

**RFP No. 3: All documents and things relating to Defendant's selection and adoption of the trademarks LA BAMBA and/or LA BAMBA AUTHENTIC MEXICAN CUISINE to use in connection with Defendant's Restaurant.**

**Response to RFP No. 3: See answer two (2) listed above.**

Defendant argues that it should have no duty to disclose something that can be readily obtained by plaintiff. (DN 28 at 7.) Defendant states that if plaintiff were to make reasonable inquiry with the Kentucky Secretary of State's office, it would be provided with all documents responsive to these requests. (*Id*.) Defendant also avers that no other documents, other than the ones accessible by the general public, exist at this time. (*Id*.)

Plaintiff argues, among other things, that defendant failed to indicate whether *it* possesses any responsive documents and that plaintiff is simply asking defendant to produce any documents in defendant's possession that are responsive to these requests. (DN 30 at 7.) Plaintiff also points out that it is not asking defendant to obtain documents from a source that is

equally available to defendant. Therefore, plaintiff requests that defendant either (1) be compelled to revise or supplement its written responses to these requests; and (2) make responsive documents available for inspection or provide copies. (*Id.* at 7-8.)

The Court finds that, contrary to defendant's assertion, responsive documents are not necessarily readily obtainable by plaintiff, nor are all responsive documents necessarily in the possession of the Kentucky Secretary of State. Therefore, defendant's response should be revised, and defendant shall state whether or not *defendant* is in possession of responsive documents and, if so, produce those documents or make them available for inspection.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant supplement its responses to RFP Nos. 2 and 3 and produce or make available for inspection responsive documents.

### 8. RFP Nos. 8, 11, and 12

**RFP No. 8: All documents and things relating to any advertising that has been conducted by Defendant related to Defendant's Restaurant, including copies of any website materials, newspaper advertisements, press releases, menus, flyers, and other promotional materials for Defendant's Restaurant.**

**RFP No. 11: All documents and things that identify that amounts spent by Defendant to advertise and promote Defendant's Restaurant.**

**RFP No. 12: All documents and things that identify Defendant's gross revenue and gross and net profit generated from Defendant's Restaurant.**

**Response to Each RFP: Will Supplement.**

Defendant argues that, notwithstanding the filing of defendant's tax return, the advertising documents requests are "by their very nature not in the possession of Defendant." (DN 28 at 8.) Defendant further argues, among other things, that even if it were required to

provide copies of responsive documents, it would be unable to do so at this time "because many of the advertising documents along with the cost to perform said advertising has not been obtained by Defendant." (*Id.*) Defendant also states that it did not want to paint an inaccurate picture by providing only portions of the requested documents. (*Id.*)

Plaintiff states that, while it is not clear why defendant does not possess or control copies of its own advertising materials, defendant has indicated that, once it obtains and organizes all responsive documents, they will be produced. Plaintiff notes that defendant has had nearly six months to obtain, organize, and produce responsive documents. Therefore, plaintiff requests that defendant be compelled to (1) revise or supplement its written responses to these requests; and (2) either make any responsive documents available for inspection at the office of plaintiff's counsel or provide plaintiff with copies.

The Court agrees that defendant has had ample time to gather and organize responsive documents. Moreover, defendant's assertion that the documents are not, by their nature, in the possession of defendant does not hold water. While it is possible or even likely that advertising documents would be in the possession of a third-party, it does not mean that defendant does not possess any documents related to advertising. Furthermore, defendant should state whether it actually possesses responsive documents or not. As previously discussed, the filing of defendant's tax return is not a sufficient reason for failing to respond to discovery requests.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant supplement its responses to RFP Nos. 8, 11, and 12 and produce or make available for inspection responsive documents.

### 9. RFP Nos. 13, 14, and 15

**RFP No. 13: All documents and things that support the affirmative defenses in Defendant's Answer, including (a) Defendant's claim that Plaintiff lacks standing to bring the claims asserted in the Complaint; (b) Defendant's claim of fair use; (c) Defendant's claim that Plaintiff has waived some or all of its claims; (d) Defendant's claim that Plaintiff is estopped from asserting some or all of its claims; and (e) Defendant's claim that Plaintiff's claims are barred by its actions.**

**Response to RFP No. 13: Request is reptetitive (sic); lacks specificity, therefore Defendant cannot adequately respond to said request. Some of the documents and "things" would be located with the Secretary of State for the Commonwealth of Kentucky. Will Supplement when clarified and made available.**

**RFP No. 14: All documents and things, other than those produced in response to any of the foregoing requests, upon which Defendant intends to rely in connection with this proceeding.**

**Response to RFP No. 14: Request is reptetitive (sic), overbroad lacks specificity, therefore Defendant cannot adequately respond to said request. Will Supplement when clarified.**

**RFP No. 15: All documents and things, other than those produced in response to any of the foregoing requests, requested to be identified or identified, referred to or relied upon in Defendant's answers to Plaintiff's First Set of Interrogatories and/or Defendant's responses to Plaintiff's First Set of Requests for Admissions.**

**Response to RFP No. 15: Request is reptetitive (sic), overbroad lacks specificity, therefore Defendant cannot adequately respond to said request. Will Supplement when clarified.**

Defendant argues, among other things, that these requests are merely repeats of prior requests and that defendant did leave the door open, as a show of compliance and good faith, to supplement all of the answers when the requests were clarified. (DN 28 at 9.)

Plaintiff argues, among other things, that it cannot possibly provide more specificity with respect to the documents and things that is referring to, and that plaintiff is requesting documents that defendant intends to rely upon in this proceeding and/or actually relied upon in responding to plaintiff's discovery requests. (DN 30 at 9.)

The Court finds that defendant's arguments lack merit and that defendant shall produce any non-privileged documents that it intends to rely upon in this proceeding and/or actually relied upon in responding to plaintiff's discovery requests or state that none exist or have already been produced.

Consequently, the Court will GRANT the Motion to Compel insofar as it requests that defendant supplement its responses to RFP Nos. 8, 11, and 12 and produce or make available for inspection responsive documents.

### C. Attorneys' Fees

Plaintiff also requests attorneys' fees in filing the Motion to Compel and reply. (DN 30 at 9.) The Court notes that, despite being untimely, in its response to the Motion to Compel, defendant also requests that plaintiff pay its reasonable attorney's fees and costs in filing for the Motion for Extension of Time and the response to the Motion to Compel.

Rule 37 of the Federal Rules of Civil Procedure addresses motions compelling disclosure of discovery. Rule 37(a)(5)(A) states, "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Nonetheless, payment of reasonable expenses is not warranted where "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." (*Id.*)

It is beyond clear that defendant is not entitled to attorneys' fees and costs in this situation, as the Court is granting the Motion to Compel. With respect to plaintiff's request, plaintiff did attempt to obtain the requested discovery without court action. (*See* DN 24-5.) Moreover, the Court has found no substantial justification for almost all of plaintiff's responses to the discovery requests. However, the Court finds that an award of expenses would be unjust at this juncture, as defendant did respond, albeit inadequately, to the discovery requests.

The Court cautions defendant that a failure to fully and timely comply with this memorandum opinion and order, however, may be grounds for sanctions in the future.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Compel (DN 24) is GRANTED. Defendant has until September 29, 2017 to respond to the discovery requests as detailed in this memorandum opinion.

cc: Counsel of record