UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-527-CRS-CHL

LA BAMBA LICENSING, LLC,                                                          Plaintiff,

v.

LA BAMBA AUTHENTIC MEXICAN CUISINE, INC.,                                Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Notice of Motion for Leave to Take Plaintiff's Depositions" (the "Motion") (DN 35) filed by defendant La Bamba Authentic Mexican Cuisine, Inc. ("defendant"). Plaintiff La Bamba Licensing, LLC ("plaintiff") filed a response. Defendant did not file a reply. Therefore, the Motion is ripe for review.

**I.      BACKGROUND**

In the Motion, defendant requests that the Court (1) grant it leave to take the deposition of plaintiff; (2) grant it leave to take the deposition(s) of the expert witness(es) designated by plaintiff; and (3) enter an order holding in abeyance plaintiff's Motion for Summary Judgment (DN 27) until the depositions requested in (2) and (3) are taken. (DN 35 at 1-2.)

In response, plaintiff first notes that defendant has not provided any factual or legal support for its requests. (DN 37 at 1.) Additionally, plaintiff asserts, among other things, that the fact discovery period was from November 2016 to June 17, 2017 and that defendant conducted no depositions and very limited discovery during that time; also defendant has provided no justification for this failure or any reason why it should be granted leave to conduct depositions that should have already been conducted. (*Id.* at 2.) Plaintiff also notes that if defendant

1

believed that additional discovery was needed before it could respond to plaintiff's Motion for Summary Judgment, Rule 56(d) of the Federal Rules of Civil Procedure requires that defendant file an affidavit indicating its need for discovery, and an explanation of the relevant material sought and why the information has not been previously discovered. (*Id*.) No such affidavit was filed; instead, defendant simply filed a response. (*Id*.; *see also* DN 29 [response to Motion for Summary Judgment].)[1]

Plaintiff also points out that defendant's request that it be granted leave to take expert witness depositions does not make sense because (1) no expert witnesses have been identified; and (2) the expert discovery deadline is January 17, 2018. (*Id*. at 4.)

Finally, plaintiff touches upon the issue of holding the Motion for Summary Judgment in abeyance and the location of the deposition of a corporate representative if the Motion is granted. (*Id*. at 2-5.)

## II.  DISCUSSION

### A.  Request to Take the Deposition of Plaintiff

Fact discovery in this matter closed on June 17, 2017. (DN 16 at 2.) Neither party requested an extension of the fact discovery deadline. Moreover, defendant does not give *any* reason for its eleventh hour request to take the deposition of plaintiff. Consequently, the Court will deny this request. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

---

[1] Plaintiff notes that, if the Motion for Summary Judgment is granted, it would resolve the issue of liability in this matter. (DN 37 at 2.) The issue of damages would remain.

### B. Request to Take the Deposition(s) of Expert Witnesses(es)

Putting aside the fact that according to plaintiff, no expert witness has been designated by either side, there is no reason for the Court to grant this request. As plaintiff pointed out, the deadline for expert witness discovery is January 17, 2018; as such, defendant does not need permission from the Court to take expert witness discovery. (DN 16.) Therefore, the Court will deny this request as moot.

### C. Request to Hold Ruling on Motion for Summary Judgment in Abeyance

Given the rulings herein related to depositions, there is no reason to hold the Motion for Summary Judgment in abeyance. Therefore, the Court will deny this request .

## III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion (DN 35) is DENIED.

Specifically, defendant's request to take the deposition of plaintiff is DENIED; the request to take expert witness deposition(s) is DENIED AS MOOT; and the request to hold in abeyance the ruling on the Motion for Summary Judgment is DENIED .

cc: Counsel of record