UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LA BAMBA LICENSING, LLC                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:16-CV-00527-CRS

LA BAMBA AUTHENTIC MEXICAN                                                              DEFENDANT
CUISINE, INC.

## MEMORANDUM OPINION

This matter is before the Court for consideration of the Report and Recommendation (DN 73) of the United States Magistrate Judge regarding Plaintiff's Motion for Award of Monetary Damages (DN 46). The Court, having considered *de novo* those portions to which objection was made, accepts the Magistrate Judge's Report and Recommendation and will grant the plaintiff's Motion for an Award of Damages.

**I.**

Defendant does not dispute the Magistrate Judge's findings of fact. Plaintiff operates a series of restaurants in Kentucky, Illinois, Indiana, and Wisconsin under the name "LA BAMBA" serving casual, Mexican-style cuisine. DN 43, PageID# 316. Plaintiff registered a trademark on the name "La Bamba" for restaurant services, various food items, and other trademarks on logos that contain the La Bamba mark. *Id.*, PageID# 316-17. Defendant opened a restaurant in Lebanon, Kentucky in December 2015 under the name "La Bamba Authentic Mexican Cuisine." *Id.*, PageID# 317. On May 10, 2016, Plaintiff sent Defendant a letter advising it of Plaintiff's trademark rights in the LA BAMBA mark and demanded that Defendant cease use of the Mark, but Defendant

refused. *Id.*; DN 66-1. In response, Defendant's counsel merely sent a letter indicating he did "not see any basis for [Plaintiff's] demands." DN 66-2. Ultimately, on August 16, 2016, Plaintiff filed suit against Defendant for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for common law unfair competition. DN 1. Defendant ultimately changed the name of its restaurant to "La Villa Rica Authentic Mexican Cuisine, Inc." on October 13, 2017. DN 61, PageID# 457.

## II.

On January 9, 2018, this Court granted summary judgment to Plaintiff. DN 43. In doing so, the Court found that Plaintiff had a valid mark, Plaintiff did not consent to Defendant's use of its mark, and that there existed a likelihood of confusion as a result of Defendant's use of Plaintiff's mark. *Id.* The Court specifically found that actual confusion occurred, but that Defendant did not choose the mark intending to create confusion. *Id.*, PageID# 325, 328. Accordingly, the Court entered a permanent injunction preventing Defendant from using Plaintiff's mark. *Id.*, PageID# 330. However, because the Parties did not brief the issue of damages, the Court reserved consideration of the same. *Id.*, PageID# 330-31; DN 44.

Plaintiff filed a Motion for an Award of Damages, seeking to recover Defendant's profits, Plaintiff's costs in bringing the action, and Plaintiff's attorneys' fees. DN 46. A hearing on the Motion was held on August 26, 2019 (*see* DN 65) and the Magistrate Judge entered a Report and Recommendation on March 31, 3022, recommending that the Motion be granted in part and denied in part, and that "judgment be entered for the Plaintiff in the amount of $50,741.76 consisting of $22,907.26 for [profit] damages; $27,309.50 for attorneys' fees; and $525.00 for costs." DN 73, PageID# 851. Regarding the award of profit damages, the Magistrate Judge first determined that such an award was equitable under Sixth Circuit jurisprudence, then calculated the amount of the

2

award based on Defendant's gross profits as listed on Defendant's federal tax returns for 2015 through October 13, 2017, less any applicable deductions. *Id.*, PageID# 836-40, 845.

### III.

Defendant objects to the Magistrate Judge's recommendations regarding the award of profits and attorneys' fees. DN 74, PageID# 852-54. Each objection will be addressed in turn below. However, the Court will first attend to Defendant's assertion that the Court should stay judgment until Defendant's challenge to the validity of Plaintiff's trademark is allowed to proceed before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. DN 74, PageID# 852. As Defendant cites no authority for Defendant's right to request such stay or the Court's ability to grant it, this request will be denied.

    A. *Award of Profits*

The Lanham Act allows a plaintiff who succeeds in an infringement to recover the defendant's profits, subject to other provisions of the Act and to "the principles of equity." 15 U.S.C. § 1117(a). When assessing whether an award of profits would be equitable under the circumstances, courts in the Sixth Circuit can consider "a wide range of factors," including: "the defendant's intent to deceive, whether sales were diverted, the adequacy of other remedies, any unreasonable delay by the plaintiff in asserting its rights, the public interest in making the misconduct unprofitable, and 'palming off,' i.e., whether the defendant used its infringement of the plaintiff's mark to sell its own products to the public through misrepresentation." *La Quinta Corporation v. Heartland Properties LLC*, 603 F.3d 327, 343 (6th Cir. 2010) (citing *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 175-76 (4th Cir. 2006)). Additionally, the Sixth Circuit has stated that courts may consider "willfulness" when "weighing the equities" of awarding damages in a Lanham Act case. *Laukus v. Rio Brands, Inc.*, 391 F. App'x 416 (6th Cir. 2010).

Defendant maintains that the profit award recommended by the Magistrate Judge was "both higher than the profits realized by Defendant for the applicable years and fail[ed] to weigh the equities of awarding any such profits," "[t]here was no evidence that Plaintiff lost any business to Defendant, and . . . no logical person could believe that a customer would drive an hour down a country road to go Defendant's restaurant over the Plaintiff's," and "[t]here was no evidence that Defendant misrepresented anything." DN 74, PageID# 854. Defendant urges the Court to follow "*U.S. Structures v. J.P. Structure, Inc.*, 130 F.3d 1185 (6th Cir. 1997), and enter a judgment for a sum that would seem to "'be just according to the circumstances of the case.'" *Id.*

Defendant's claim that the Magistrate Judge did not weigh the equities of a profits award is patently false. Because Plaintiff conceded that facts of the instant case did not support claims of diverted sales or "palming off," the Magistrate Judge did not consider either of those factors. DN 73, PageID# 838. The Magistrate Judge then evaluated the equity of an award of profits using the remaining *La Quinta* factors and assessed whether Defendant's conduct was willful. *Id.*, PageID# 838-40. According to the Magistrate Judge, while there was no evidence that Defendant intended to deceive and the remedy of an injunction was likely adequate to prevent further damage to Plaintiff, the other factors, including Defendant's willful conduct, weighed in favor of an award of profits. Thus, the Magistrate Judge properly considered the balance of equities as prescribed by the Sixth Circuit.

Defendant's remaining objections to the Magistrate Judge's award of profits are also without merit. The arguments concerning a lack of evidence that "Plaintiff lost any business to Defendant" or that Defendant "misrepresented anything" are irrelevant because, as previously stated, Plaintiff conceded the issues of diverted sales and palming off and the Magistrate Judge found that Defendant did not intend to deceive. Defendant provides no support whatsoever for the

4

claim that the award of profit was "higher than the profits realized by Defendant for the applicable years." Finally, the Court fails to see how Defendant's objection to the recommendation of an award of profits is advanced by *U.S. Structures v. J.P. Structure, Inc.*, a case in which the Sixth Circuit upheld the lower court's computation of damages based on the defendant's profits and remanded the award of attorneys' fees to the district court for reconsideration on the issue of whether the case was "exceptional" under 15 U.S.C. § 1117(a). 130 F.3d 1185, 1191-92 (6th Cir. 1997). In sum, Defendant has failed to provide any reason for this Court not to adopt the Magistrate's Report and Recommendation with respect to the award of profits.

    A.  *Award of Attorneys' Fees*

In "exceptional cases," a plaintiff who prevails in an infringement claim under the Lanham Act can also recover "reasonable attorney fees." 15 U.S.C. § 1117(a); *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982). The Sixth Circuit has defined "exceptional cases" to mean "those cases in which the infringement was 'malicious, willful, fraudulent, or deliberate.'" *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 607 (6th Cir. 1991) (quoting *Frisch's Restaurants v. Elby's Big Boy*, 849 F.2d 1012, 1017 (6th Cir. 1988)). Continuing to engage in infringing activity despite having actual notice that the activity constitutes infringement supports a finding that a case is "exceptional" under 15 U.S.C. § 1117(a). *See Taylor v. Thomas,* 624 F. App'x 322, 328 (6th Cir. 2015) (affirming lower court in holding that defendant willfully infringed by, *inter alia*, continuing to use an infringing sign after plaintiff asked him not to and ignoring his attorneys' advice regarding the use of the sign); *Coach, Inc. v. Goodfellow,* 717 F.3d 498, 506 (6th Cir. 2013) (upholding district court's finding that "willful ignorance of actual notice of infringing activity made out an 'exceptional case,' permitting award of attorney's fees to the prevailing party under the Lanham Act").

In the Objections to the Report and Recommendation, Defendant merely re-states previously raised arguments that were addressed by the Magistrate Judge.[1] Consequently, Defendant has failed to offer this Court any reason to reject the Magistrate Judge's findings that Defendant's actions were willful and, hence, this is an exceptional case that warrants the award of attorneys' fees.

## IV.

The Magistrate Judge recommends "Plaintiff's Motion for Damages (DN 46) be GRANTED IN PART and DENIED IN PART[.]" DN 73, PageID# 851. Plaintiff did not seek to recover a specific amount in profit damages but rather requested that the Court base the calculation of these damages on a gross sales figure derived from Defendant's sale receipts from December 2015 through August 2017. DN 46, PageID# 342-43. Plaintiff acknowledged that this proposed gross sales figure could be reduced if "the Court otherwise finds [reductions from the total receipts] just based on the circumstances outlined herein." *Id.*, PageID# 343.

The Magistrate Judge recommends the Court enter judgment for the amounts sought by Plaintiff for attorneys' fees ($27,309.50) and court costs ($525.00). He recommends that $22,907.26 be disgorged by Defendant, the amount of its gross profits shown on its tax returns for the years 2015-2017 less certain applicable deductions. DN 73, PageID# 844-46. The Court accepts the methodology behind the Magistrate Judge's calculations, as no objection has been raised on this point and no challenge has been made to the sum so derived. Because Plaintiff's Motion does not indicate a sum certain for profit damages, but rather moves for a determination

---

[1] Defendant maintains that the instant case is not "exceptional" because it is factually distinct from *Lucky's Detroit, LLC v. Double L Inc.*, No. 09-14622, 2014 WL 4854982, at *3 (E.D. Mich. Sept. 30, 2014). DN 74, PageID# 853. However, the Magistrate Judge does not rely on *Lucky's* in determining that Defendant's conduct was willful. The Magistrate Judge only cites to *Lucky's* in its discussion of the "public interest in making the misconduct unprofitable." DN 73, PageID# 839.

by the Court of an appropriate award, the Court will accept and adopt the Magistrate Judge's Report and Recommendation and grant the plaintiff's Motion for an Award of Damages. The Motion will be granted by separate order and a final judgment will be entered awarding the dollar amounts recommended by the Magistrate Judge.

August 19, 2022

Charles R. Simpson III, Senior Judge
United States District Court